## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS

<table>
<tr><td>

ASSOCIATED GENERAL
CONTRACTORS OF AMERICA, et al.

      Plaintiffs,


      v.

UNITED STATES DEPARTMENT OF
LABOR, et al.

      Defendants.

</td><td>

Civil Action No. 5:23-cv-272

</td></tr>
</table>

## UNOPPOSED MOTION FOR ENTRY OF FINAL JUDGMENT

Plaintiffs respectfully move for this Court to enter final judgment in this case pursuant to Federal Rule of Civil Procedure 58. Defendants do not oppose the relief requested in this motion.

1. This case involves the Department of Labor's implementation of the Davis-Bacon Act and related statutes, which establish minimum wages that contractors and subcontractors must pay to certain employees on certain construction contracts. *See* 40 U.S.C. § 3141 *et seq*. In August 2023, the Department published an omnibus final rule titled "Updating the Davis-Bacon and Related Act Regulations." 88 Fed. Reg. 57,526 (Aug. 23, 2023).

Soon after the final rule was issued, plaintiffs initiated this suit. Plaintiffs challenge three parts of the rule: (1) a provision addressing an exception for material suppliers, (2) a provision addressing the statute's application to truck drivers, and (3) a provision addressing certain contracts that omit clauses required by the Davis-Bacon Act.[1] The operative complaint alleges

---

[1] Although the operative complaint also challenges a fourth provision concerning secondary construction sites, *see* Dkt. No. 5 at 13, plaintiffs did not move for a preliminary injunction or

that these provisions violate Article II's "take care" clause (Count I); exceed the Department's statutory authority (Count II); are arbitrary and capricious or otherwise not in accordance with law in violation of the Administrative Procedure Act (APA) (Count III); and are not supported by the analysis required by the Regulatory Flexibility Act (RFA) (Count IV). Dkt. No. 5 at 19-24 (Am. Compl.).

2. After plaintiffs moved for a preliminary injunction, this Court granted the motion, concluding that plaintiffs are likely to succeed on their challenges to all three provisions. First, the Court held that the material-supplier provision exceeds the Department's statutory authority because it "ignores the statutory language" in the Davis-Bacon Act by "reclassif[ing] employees of bona fide material suppliers as 'mechanics and laborers.'" Dkt. No. 61 at 30. The Court separately held that the provision is arbitrary and capricious because it "discriminate[s]" against those bona fide material suppliers who "also operate . . . as contractors" on a project in favor of those material suppliers who only perform material supply. *Id*. at 30-31. Second, with respect to the trucking provision, the Court observed that the Davis-Bacon Act only applies to mechanics and laborers performing tasks at the site of the work and therefore concluded that the Department ran afoul of that provision. *Id*. at 28-29. The Court also held, in the alternative, that the trucking provision is arbitrary and capricious because it is ambiguous about precisely what activities fall under the provision's *de minimis* exception. *Id*. at 21-22. Third, with respect to the contracting provision, the Court determined that the Department lacks statutory authority to treat contracts as if they included Davis-Bacon Act requirements if those requirements are omitted by the contracting agency. *Id.* at 27. Finally, with respect to all three challenged provisions, the Court

---

summary judgment as to that provision, and the parties agree that all claims should be dismissed to the extent Plaintiffs challenge that provision.

2

held that the Department failed to comply with the RFA because the rule did not address certain administrative and compliance costs. *Id*. at 32-33.

For these reasons, and after considering the remaining equitable factors, the Court entered a preliminary injunction barring the Department from enforcing the three challenged provisions on a nationwide basis. *Id*. at 39.

3. Following the Court's entry of the preliminary injunction, the government appealed and the parties filed cross motions for summary judgment in this Court. Dkt. Nos. 62, 66, 73. Before appellate or summary judgment briefing concluded, however, the Administration changed. To permit the Department's new leadership time to decide how to proceed, the government obtained a series of abeyances from this Court and the Fifth Circuit.

4. Plaintiffs respectfully request that the Court enter final judgment for plaintiffs on Count II of their First Amended Complaint, which alleges that the three challenged provisions are in excess of statutory authority under the Davis-Bacon Act, 40 U.S.C. § 3141 *et seq.*, and Count III of their complaint, which alleges that the three challenged provisions are arbitrary and capricious in violation of the APA. The government acknowledges that Counts II and III present legal issues and that the government has already had an opportunity to present arguments regarding those issues. No party believes that further briefing is necessary for the Court to finally determine the lawfulness of the challenged provisions and to enter final judgment accordingly. In light of the government's non-opposition to the entry of final judgment in plaintiffs' favor on Counts II and III, the parties jointly request that the Court dismiss the remaining counts.

In plaintiffs' view, the proper remedy is vacatur of the three challenged provisions, which the parties agree are severable from the remainder of the challenged rule. It is the government's position that the APA does not authorize a court to vacate an agency rule, and that if vacatur is an

available remedy, then like all equitable remedies, it must be subject to traditional equitable limitations, including the principle of party-specific relief.  The government acknowledges, however, that there is substantial authority opposing this position in some circuits, including the Fifth Circuit, though the Supreme Court has not ruled on the issue.  In not opposing plaintiffs' request that this Court enter final judgment, the government agrees not to pursue this position in this case but reserves the right to continue to advance this position in other cases.

5. The parties agree that each side will bear their own costs and that there is no basis for an award of fees or costs.

6. For the foregoing reasons, this Court should enter judgment in plaintiffs' favor on Counts II and III, dismiss the remaining counts, and vacate the challenged provisions of the rule.

Respectfully submitted,

*/s/ Robert R. Roginson*

Robert R. Roginson
CA Bar No. 185286
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 S. Hope Street, Suite 1200
Los Angeles, California 90071
213.457.5873 Direct
robert.roginson@ogletree.com
*Admission Pro Hac Vice Pending*
LEAD COUNSEL FOR PLAINTIFFS


Jeffrey C. Londa
State Bar No. 12512400
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
500 Dallas Street, Suite 3000
Houston, Texas 77002
Office:  (713) 655-5750
Fax: (713) 655-0020
jeff.londa@ogletree.com

And

Fernando M. Bustos
State Bar No. 24001819
fbustos@bustoslawfirm.com
Benjamin E. Casey
State Bar No. 24137943
bcasey@bustoslawfirm.com
BUSTOS LAW FIRM, P.C.
P.O. Box 1980
Lubbock, Texas 79408-1980
(806) 780-3976
(806) 780-3800 FAX

LOCAL COUNSEL FOR PLAINTIFFS