UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

ASSOCIATED GENERAL
CONTRACTORS OF AMERICA, et al.,

    Plaintiffs,

v.

UNITED STATES DEPARTMENT OF
LABOR, et al.,

    Defendants.

No. 5:23-CV-272-H

## ORDER

Before the Court is the plaintiffs' unopposed motion for entry of final judgment pursuant to Federal Rule of Civil Procedure 58. Dkt. No. 106. The motion is granted.

This long-running case involves the Department of Labor's implementation of the Davis-Bacon Act, 40 U.S.C §§ 3141, *et seq.*, which generally requires federal construction contractors to pay their workers the minimum wage that the Secretary of Labor deems to be "prevailing" in the local area. Dkt. No. 74 at 9. Congress also included the prevailing wage requirements in other statutes under which federal agencies assist construction projects through grants, loans, loan guarantees, insurance, and other methods. *Id.* In 2023, the Department updated the implementing regulations for the Davis-Bacon Act and its related statutes with an omnibus final rule titled, "Updating the Davis-Bacon and Related Acts Regulations," 88 Fed. Reg. 57,526 (Aug. 23, 2023) (the Final Rule).

The plaintiffs sued shortly after the Final Rule issued. *See* Dkt. No. 1. They challenge four regulations affected by the Final Rule: the provisions concerning (1) an exception for material suppliers, (2) the statute's application to truck drivers, (3) certain contracts that omit clauses required by the Davis-Bacon Act, and (4) coverage of secondary

construction sites.[1] *See* Dkt. No. 5. The amended complaint alleges that these provisions violate Article II's Take Care Clause (Count I); exceed the Department's statutory authority (Count II); are arbitrary and capricious or otherwise not in accordance with law in violation of the Administrative Procedure Act (APA) (Count III); and are not supported by the analysis required under the Regulatory Flexibility Act (Count IV). *Id.* at 19–24.

The plaintiffs moved for a preliminary injunction in March 2024. Dkt. No. 20. The Court, finding that the plaintiffs were likely to succeed on the merits, granted the motion and preliminarily enjoined the defendants from enforcing the challenged provisions on a nationwide basis.[2] Dkt. No. 61; *see Associated Gen. Contractors of Am. v. U.S. Dep't of Lab.*, No. 5:23-CV-272, 2024 WL 3635540 (N.D. Tex. June 24, 2024). The government appealed, and the parties filed cross-motions for summary judgment in this Court. Dkt. Nos. 62; 66; 73. But while briefing was ongoing, the administration changed, and the Department's new leadership began reassessing its litigation position. Accordingly, the parties sought and obtained a series of stays from this Court and the Fifth Circuit. *E.g.*, Dkt. Nos. 78; 87; 88.

With the government's non-opposition, the plaintiffs now ask the Court to enter final judgment in their favor on Count Two, which alleges that the challenged provisions exceed statutory authority under the Davis-Bacon Act, and Count Three, which alleges that the challenged provisions are arbitrary and capricious in violation of the APA. Dkt. No. 106 at 3 ("The government acknowledges that Counts II and III present legal issues and that the

---

[1] The plaintiffs did not end up seeking relief with respect to the fourth provision about secondary construction sites. Dkt. No. 106 at 1 n.1. So the parties agree that all claims should be dismissed to the extent the plaintiffs challenge that provision. *Id.*

[2] At the time, the case was assigned to a different district judge. *See* Dkt. No. 71.

government has already had an opportunity to present arguments regarding those issues."). The parties jointly request that the Court dismiss the remaining counts. *Id.*

As for the remedy, the plaintiffs argue that the Court must vacate the challenged provisions, "which the parties agree are severable from the remainder of the challenged rule." *Id.* The defendants, for their part, believe that the APA does not authorize vacatur, and that if vacatur is an appropriate remedy, it must be subject to traditional party-specific equitable limitations. *Id.* at 3–4; *see Trump v. CASA, Inc.*, 606 U.S. 831, 841–47 (2025). But they concede that "some circuits, including the Fifth Circuit," think differently. Dkt. No. 106 at 4. Indeed, in the Fifth Circuit, "[t]he default rule is that vacatur is the appropriate remedy." *Data Mktg. P'ship, LP v. U.S. Dep't of Lab.*, 45 F.4th 846, 859 (5th Cir. 2022); *see Franciscan All., Inc. v. Becerra*, 47 F.4th 368, 374–75 (5th Cir. 2022) ("Vacatur is the only statutorily prescribed remedy for a successful APA challenge to a regulation."). And that remedy is not limited to the plaintiffs in a particular case. *See, e.g., Texas v. U.S. Dep't of Transp.*, 726 F. Supp. 3d 695, 725–26 (N.D. Tex. 2024) (citing cases). In not opposing the plaintiffs' request for entry of final judgment, the defendants have agreed not to contest vacatur here but reserve the right to do so in other cases. Dkt. No. 106 at 4.

In light of the government's non-opposition, the Court's assessment of the merits in its preliminary-injunction order, and binding precedent concerning vacatur, the Court grants the unopposed motion for entry of final judgment (Dkt. No. 106) and vacates the challenged provisions. A final judgment detailing the exact scope of the vacatur will enter separately.

So ordered on June 24, 2026.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE

– 3 –